## Rapp Lumber Co. v. Hammons et al.

(Decided June 25, 1937.)

THOMAS D. TINSLEY and J. J. TYE for appellant.

HIRAM H. OWENS and VICTOR A. JORDAN for appellees.

OPINION OF THE COURT BY JUDGE BAIRD—Reversing.

This is the third appeal to this court. The second appeal, Rapp Lumber Co. v. Smith et al., 258 Ky. 548, 80 S. W. (2d) 599, 601, affirmed the judgment as to all parties to the action, except Hammons and Callebs. As to them, the court, in the course of the opinion, said:

"Notwithstanding this conflict in evidence, we are not prepared to say that the chancellor's finding respecting the amount due should be disturbed, but an entirely different situation exists when we come to consider the evidence as to the quantity, if any, of the lumber in controversy that had been cut and sawed by Hammons & Callebs. The evidence for appellant is to the effect that Hammons & Callebs had been paid in full up to and including July, and this is admitted by Mr. Callebs. * * * It is apparent that it would not be difficult to show with reasonable certainty how much of the lumber in controversy was sawed by Hammons & Callebs and how much came from other mills, and this should be done."

It follows that Hammons and Callebs were directed on the return of the case to take evidence and show the amount and quantity of lumber not paid for after July, 1927, which was received by the Rapp Lumber Company and manufactured by Hammons and Callebs. On the return, evidence was heard in open court and the following judgment rendered:

"This cause is before the court for trial on

oral testimony in open court and depositions read from the transcript in the former hearing. The court has spent all day on yesterday and several hours on today, after hearing testimony on yesterday, with the aid of counsel, in an effort to definitely ascertain the amount of money to which Hammons and Callebs are entitled herein. We have computed from every available angle and considered the different contentions of the parties and counsel, in the light of the opinion handed out by Commissioner Creal, which is before us.

"After trying balances as to gross amount found to be owing and deducting therefrom the payments shown to have been made, it is the judgment of the court that Hammons & Callebs, recover of the plaintiff, Rapp Lumber Company, the sum of $2,370.20, with interest from June 15, 1928, until paid and costs of this action.

"The case is further before me on motion of interpleaders to correct what appears to have been a clerical misprision, in that the judgment previously entered gave credit for taxes, costs and penalties paid by Rapp Lumber Company, the sum of $429.75. Mr. Viall, who paid the sum to the sheriff, therefor testifies that he paid only $104. To that extent the Rapp Lumber Company is adjudged a credit against the sum here adjudged to Hammons & Callebs, less whatever may have been retained by it in the settlement with the other laborers under the judgment previously entered and affirmed by the Court of Appeals. It appears that the amount so retained was a little more than one third of the sum erroneously included in the former judgment, and is, therefore, in excess of the $104 shown to have been paid, that item of taxes is eliminated herefrom.

"To all this judgment Rapp Lumber Company excepts, and to that portion of same which fails to adjudge to Hammons & Callebs, the total amount sued for, it excepts, and each party pray and are hereby granted appeals to the Court of Appeals, and this cause is stricken from the docket."

From that judgment, the Rapp Lumber Company appeals.

It is conceded that Hammons and Callebs had no

lien on lumber, except to the extent of what was manufactured by them and received by the Rapp Lumber Company. The question then arises, how much of the lumber manufactured by Hammons and Callebs was received and not paid for by the Rapp Lumber Company? A proper solution of that question will decide the remaining balance due appellees in the case of Rapp Lumber Company v. Smith et al., supra.

The trial court fixed the amount due in the sum of $2,370.20, subject to a credit of $104 instead of $429.75, the credit given on the second appeal. Is that judgment correct?

We have found it quite difficult, on account of the evidence being indefinite and uncertain, to reach a conclusion. The evidence is to the effect that appellees manufactured from August, 1927, to February, 1928, 285,673 feet of lumber. The question arises, How much of that lumber did appellant get, and how much was paid for after it was so received? Hammons states that Smith, receiver of the court, received 70,000 feet before appellant came into possession of the lumber. Deducting 70,000 feet from the 285,673 feet, the total amount sawed since July, 1927, leaves 215,627 feet. The contract price for manufacturing the lumber was $11.50 per thousand, which amounts in dollars to $2,479.71, the total amount that appellees would be authorized to collect, in any event, from appellant. Under our former opinion, we said that appellees had received pay up to July, 1927. The question then arises, Have appellees been paid any part of said sum?

Hammons states that on August 6, 1927, Lewis and McKinney paid him $806.69. On August 18, 1927, $200; on August 30, 1927, $213.42; on September 20, 1927, $200, by check of A. H. Card. On October 14, 1927, $351.89, by check of Joseph Smith, and $43.30 was paid to Paul Miller for them; $13.30, paid to Hudson Cole, and $34.60 to James Hammons for them, making the total received since July 1927, $1,863.55, leaving a balance due appellees of $616.16. We note that a credit was given appellant for taxes paid by it amounting to $104. In our opinion, that credit should not have been given. This tax was due to be paid by Lewis and McKinney, who sold the lumber to appellant. It was paid, it is true, by appellant, but that payment could not affect or diminish the amount of

lumber manufactured by appellees, and received by appellant, on which they had a lien. The lien of appellees on said lumber unpaid is $616.16, plus interest from July 1, 1928, until paid, and that amount they are entitled to collect from appellant, and no more.

The judgment is reversed with further proceedings consistent with this opinion.

Whole court sitting.